In the Matter of JOHN EUGENE GALLIGAN, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 9, 1984

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Diana L. Maxfield* of counsel), for petitioner.

*John Eugene Galligan, Jr.,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on April 6, 1955. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the special referee's report. The respondent submits a statement in opposition to petitioner's motion asking that the petition containing the charges be dismissed.

The special referee found respondent guilty of three charges of professional misconduct as follows: (1) grossly neglecting an estate matter; (2) failing to maintain an escrow account, failing to hold the funds entrusted to him as an attorney in escrow and intact, and using and exercising control over said funds in disregard of his obligation as an attorney and as a fiduciary; and (3) failing to cooperate

with the petitioner Grievance Committee in its investigation of these matters, including failing to appear in compliance with a subpoena ordered by this court.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the special referee. Respondent is guilty of the misconduct alleged above. Petitioner's motion to confirm the special referee's report is granted and the relief sought by respondent is denied.

In determining an appropriate measure of discipline to be imposed, it is important to note that the respondent was previously admonished by the Grievance Committee as a result of his neglect of the same estate matter referred to herein, and despite this, he continued his neglect of said matter. Further, respondent refused to account for the funds entrusted to him. Accordingly, respondent should be, and hereby is, suspended from the practice of law for a period of five years, effective May 1, 1984, and until the further order of this court.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and THOMPSON, JJ., concur.